JOHN B. MILLER, APPELLANT, v. THE OSWEGO AND ONONDAGA INSURANCE COMPANY, RESPONDENT.

*Policy of insurance — condition in, against change of occupation — when it will not be avoided by a change of tenants.*

APPEAL from a judgment in favor of the defendant, entered upon a nonsuit directed at the circuit.

The action was brought to recover upon a policy of insurance against fire issued by the defendant.

The court at General Term, after overruling certain defences interposed by the company, said : " Still another defence is this : The policy describes the building as occupied on the first floor as a dry goods and hardware store ; second story, storage, cigar manufactory and manufacture of tinware ; third story, as a printing office. The policy contains a clause that 'if any change

whatever shall take place in the situation, occupation, use or condition of the premises insured, or the neighboring buildings, without the consent of the company indorsed thereon;' the policy shall be void. It was proved that afterwards a committee, of whom one of the defendant's agents was a member, rented a part of the second floor for a Tilden and Hendricks club room. No other evidence was given as to the use made of this part of the second floor, or the purposes to which the occupants put it. Whether the Tilden and Hendricks club used it for storage, or how they used it, does not appear. A condition of this kind, forfeiting the rights of the insured for an act which does not injure the insurer, ought not to be extended in its meaning. 'It must be construed in view of the situation and character of the property insured and the contingencies affecting its use.' (*Whitney* v. *Black River Ins. Co.*, 72 N. Y., 118.) The description in that policy showed generally that the first floor was occupied by the insured himself as a store ; that the other stores were occupied by tenants for manufactures and the like. Now, we cannot say, as a matter of law, that a change of tenants, even if the new tenant was a Tilden and Hendricks club, was such a change in the use and occupation of the building as, of itself, to forfeit the policy. The defendant must be supposed to have had some reasonable meaning in this clause, and not to have intended it as a mere trap to catch the plaintiff if, during the time of the policy (expiring in October), a new tenant should come in. The object of the clause was to protect against increased risk ; and the change referred to must, therefore, at least be one which is substantial."

*Spriggs & Mathews*, for the appellant. *C. W. Avery*, for the respondent.

Opinion by LEARNED, P. J.

Present — LEARNED, P. J., BOARDMAN and FOLLETT, JJ.

Judgment reversed and new trial granted. costs to abide event.